# EXHIBIT "C"

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Sandra G. Ezell (SBN: 325046)
sandra.ezell@nelsonmullins.com
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone:   804.533.2900
Facsimile:    804.616.4129

Ian G. Schuler (SBN: 275052)
ian.schuler@nelsonmullins.com
750 B. Street, Suite 2200
San Diego, CA 92101
Telephone:   619.489.6110
Facsimile:    619.821.2834

Trevor C. Zeiler (SBN: 325543)
trevor.zeiler@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:   424.221.7400
Facsimile:    424.221.7499

Attorneys for Defendant
TESLA, INC.

**COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF CONTRA COSTA**

| | |
|---|---|
| Caleb Mendoza; Eduardo Mendoza and Maria Mendoza; and Estate of Genesis Giovanni Mendoza Martinez, by and through its personal representatives, Eduardo and Maria Elena Mendoza,<br><br>Plaintiffs,<br><br>vs.<br><br>Tesla, Inc., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C24-02690<br><br>**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Charles S. Treat<br>Dept: 12<br><br>Trial Date:   None Set<br>Action Filed: October 9, 2024 |

Defendant Tesla, Inc. ("Tesla"), answers Plaintiffs Caleb Mendoza, Eduardo Mendoza, Maria Mendoza, and the Estate of Genesis Giovanni Mendoza Martinez, by and through its personal representatives, Eduardo and Maria Elena Mendoza (Plaintiffs) Complaint, as follows:

1

**GENERAL DENIAL**

Under the provisions of California Code of Civil Procedure section 431.30, subdivision (d), defendant Tesla denies each and every allegation, both specifically and generally, of each cause of action contained in Plaintiffs' Complaint on file herein and the whole thereof, and denies that Plaintiffs were damaged in any sum or sums, or at all.

**FIRST AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

1. Tesla is informed and believes, and on that basis alleges that Plaintiffs' alleged damages, if any, may have been caused in whole or in part by Decedent Genesis Giovanni Mendoza Martinez's and/or Plaintiff Caleb Mendoza's own negligent acts and/or omissions. Accordingly, the Plaintiffs are barred from recovery by Decedent Genesis Giovanni Mendoza Martinez's and/or Caleb Mendoza's own contributory/comparative fault or alternatively, Plaintiffs' recovery should be reduced by an allocation of Decedent Genesis Giovanni Mendoza Martinez's and/or Caleb Mendoza's fault or responsibility for their own negligent acts and/or omissions.

**SECOND AFFIRMATIVE DEFENSE**

**(Third Party Liability)**

2. Tesla is informed and believes, and on that basis alleges that the negligence, acts, or omissions of another, not Tesla, caused or contributed to the alleged loss/damages; and that such negligence, act, or omission, was the sole proximate cause, contributing cause, or independent intervening cause of the loss alleged.

**THIRD AFFIRMATIVE DEFENSE**

**(Abuse/Misuse/Alteration)**

3. Tesla is informed and believes, and on that basis alleges that the loss alleged resulted from the abuse, misuse, or alteration of the product in question which was not reasonably foreseeable to Tesla. That abuse, alteration, and/or modification reasonably caused or contributed to the happening of the alleged incident and to the injuries, loss, and damages, if any, and, hence, the Plaintiffs may not recover.

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

**(State-of-the-Art)**

4. Tesla alleges that at the time the product referred to in Plaintiffs' Complaint was originally sold and delivered, it comported with the state-of-the-art at the time of manufacture and complied with all applicable government standards and requirements.

**FIFTH AFFIRMATIVE DEFENSE**

**(Product Misuse/Improper Maintenance)**

5. Tesla is informed and believes, and on that basis alleges that the damages and injuries suffered by Plaintiffs and Decedent Genesis Giovanni Mendoza Martinez, if any, were caused by misuse or improper maintenance of the subject product in a manner not reasonably foreseeable to Tesla. That misuse or improper maintenance reasonably caused or contributed to the happening of the alleged incident and to the injuries, loss, and damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

**(Duty to Warn)**

6. Any duty on the part of Tesla to warn Plaintiffs, Decedent Genesis Giovanni Mendoza Martinez, and/or others of the risks and dangers of utilizing the product in question, if any such duty existed, was satisfied through the information and warnings provided with the product, and/or the warnings provided to Tesla's sophisticated customers. Accordingly, Tesla is discharged of its duty to warn of the risk of utilizing the subject product, if any such duty existed, by so advising other persons.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Additional Warnings)**

7. Tesla alleges that no additional warnings would have, or could have prevented the alleged incident, the injuries, losses and damages alleged by Plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Open and Obvious)**

8. Any risks of use of the product referred to in Plaintiffs' Complaint were open and obvious. The law imposes no legal duty to warn of obvious risks and Tesla is not liable to Plaintiffs

1  for any injuries or damages claimed in this action.

## NINTH AFFIRMATIVE DEFENSE

### (Set-Off)

9. Tesla contends that it is entitled to a set-off for all settlements and compensation that the Plaintiffs have received, or may receive, as a result of the injuries which are alleged to have occurred.

## TENTH AFFIRMATIVE DEFENSE

### (Consent, Waiver, Release, Estoppel, and Unclean Hands)

10. Tesla alleges that Plaintiffs' claims are barred by the doctrines of consent, waiver, informed consent, release, equitable estoppel, and unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reasonably Safe Design)

11. Tesla contends that the subject product has a reasonably safe design as measured by the appropriate test under the applicable state law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient to Support Punitive Damages)

12. Neither Plaintiffs' Complaint, nor any purported cause of action in it, state facts sufficient to entitle Plaintiffs to an award of punitive damages against Tesla.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

13. Tesla alleges that since there are no specific factual allegations to support a claim for punitive damages against Tesla in Plaintiffs' Complaint and Prayer, the imposition of any punitive damages in this case would deprive Tesla of its property without due process of law under the California State Constitution and the United States Constitution. Further, the imposition of punitive damages in this case would violate Tesla's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, section 17 of the California State Constitution.

///

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

14. Tesla is informed and believes, and on that basis alleges that Plaintiff Caleb Mendoza has failed to mitigate his damages as required by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Reliance)

15. Tesla is informed and believes, and on that basis alleges that Decedent Genesis Giovanni Mendoza Martinez did not reasonably rely on any representation of Tesla.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Substantial Factor)

16. Tesla is informed and believes, and on that basis alleges that Decedent Genesis Giovanni Mendoza Martinez's reliance on any representation made by Tesla, if any, was not a substantial factor in causing his harm.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

17. Tesla is informed and believes, and on that basis alleges that some or all of Plaintiffs' claims against Tesla fail because there is a lack of privity between Tesla and Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Spoliation of Evidence)

18. Tesla is informed and believes, and on that basis alleges that it has been prejudiced in its defense to the extent that evidence relevant to this case may have been destroyed or altered by others.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

19. Tesla reserves the right to seek leave to amend its answer and affirmative defenses as its investigation and discovery of this case proceeds.

WHEREFORE, Defendant Tesla prays as follows:

(1) Plaintiffs take nothing by their Complaint;

1  (2)  For judgment in favor of Tesla;

2  (3)  For its fees and costs as allowed by law; and

3  (4)  For such other and further relief as the Court may deem fair, just and equitable.

Dated: December 4, 2024          Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: _____
Sandra G. Ezell
Ian G. Schuler
Trevor C. Zeiler
Attorneys for Defendant
TESLA, INC.

## DEMAND FOR JURY TRIAL

Tesla, Inc. hereby demands a trial by jury of all the issues triable by right.

Dated: December 4, 2024          Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: _____
Sandra G. Ezell
Ian G. Schuler
Trevor C. Zeiler
Attorneys for Defendant
TESLA, INC.

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Nelson Mullins Riley & Scarborough LLP and my business address is 19191 South Vermont Avenue, Suite 900, Torrance, CA 90502.

On December 4, 2024 I served the foregoing document entitled ***DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL*** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof as follows:

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). The machine printed a record of the transmission, and no error was reported by the machine.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **[by ELECTRONIC SUBMISSION]** – By transmitting such document(s) electronically from my e-mail address at Nelson Mullins Riley & Scarborough LLP to the person(s) at the electronic mail addresses listed above pursuant to Emergency Rule 12 and/or the agreement of the parties.

☐ **[by ELECTRONIC SUBMISSION]** – I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with [attorney service].

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed December 4, 2024 at Whittier, California.

ELIZABETH VELASQUEZ                    By: */s/ E. Velasquez*
Print Name                                              Signature

# SERVICE/MAILING LIST

**Caleb Mendoza, et al. v. Tesla, Inc.**
Contra Costa County Superior Court Case No.: C24-02690

| | |
|---|---|
| SINGLETON SCHREIBER, LLP<br>Brett J. Schreiber, Esq.<br>Srinvas Hanumadass, Esq.<br>Carmela Birnbaum, Esq.<br>591 Camino de la Reina, Suite 1025<br>San Diego, CA 92108 | **ATTORNEYS FOR PLAINTIFFS**<br><br>Tel:   (619) 771-3473<br>Fax:   (619) 255-1515<br>Email: bschreiber@singletonschreiber.com<br>           vas@singletonschreiber.com<br>           cbirnbaum@singletonschreiber.com |