# EXHIBIT "F"

Case 4:24-cv-08738-DMR   Document 1-7   Filed 12/04/24   Page 2 of 6

Monet v. Tesla, Inc., Not Reported in Fed. Supp. (2022)

2022 WL 2714969
Only the Westlaw citation is currently available.
United States District Court, N.D. California,
San Jose Division.

Derrick MONET, Plaintiff,
v.
TESLA, INC., Defendant.

Case No. 5:22-cv-00681-EJD
|
Signed July 13, 2022

**Attorneys and Law Firms**

Donald Harlan Slavik, Pro Hac Vice, Slavik Law Firm, LLC, Steamboat Springs, CO, Elise Rochelle Sanguinetti, Arias Sanguinetti Wang & Torrijos, LLP, Emeryville, CA, Jamie Greer Goldstein, Arias Sanguinetti Stahle & Torrijos, LLP, Emeryville, CA, for Plaintiff.

Thomas P. Branigan, Pro Hac Vice, Thomas Lurie, Jr., Pro Hac Vice, Bowman and Brooke LLP, Bloomfield Hills, MI, Neil M. Kliebenstein, Bowman and Brooke LLP, San Jose, CA, for Defendant.

### ORDER DENYING MOTION TO REMAND

Re: Dkt. No. 10

EDWARD J. DAVILA, United States District Judge

*1 Plaintiff Derrick Monet, Individually and as the Personal Representative of the Estate of Jenna Monet, deceased ("Plaintiff"), originally filed this case against Defendant Tesla, Inc. in the Superior Court for the County of Santa Clara on November 16, 2021. *See* Original Compl. For Damages For Personal Injury and Wrongful Death, Dkt. No. 1-1 ("Compl."). On February 2, 2022, Defendant removed the case to federal court pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship. Before the Court is Plaintiff's Motion to Remand for lack of subject matter jurisdiction. Pl. Derrick Monet's Mot. to Remand, Dkt. No. 10 ("Mot."). The matter is fully briefed and suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, Plaintiff's motion will be denied.

### I. Background

On December 29, 2019, Plaintiff was driving his 2019 Tesla Model 3 using the vehicle's autosteer and traffic aware cruise control features, what Tesla calls its "Autopilot" system, while traveling with his wife Jenna from Arizona to Maryland. Compl. ¶ 1. While driving through Indiana, the couple crashed into the rear of a fire truck that was stopped at the scene of an earlier accident on the I-70 interstate freeway. *Id.* ¶ 2. Plaintiff's wife died in the crash and Plaintiff suffered substantial injuries. *Id.* ¶ 3. As a result, Plaintiff brought the present case with nine causes of action including strict product liability, negligence, breach of warranty, and others. *Id.* ¶¶ 57–119.

Plaintiff is a resident and citizen of Arizona. *Id.* ¶ 38; *see also* 28 U.S.C. § 1332(c)(2). When the complaint was filed in state court, Defendant was a corporation incorporated in Delaware with its principal place of business in Palo Alto, Santa Clara County, California, and therefore was a citizen of Delaware and California. Mot. at 2; Def. Tesla, Inc.'s Resp. Opposing Pl.'s Mot. to Remand, Dkt. No. 18 ("Opp'n") at 2. On December 1, 2021, Defendant moved its principal place of business to Austin, Travis County, Texas, and became a citizen of Delaware and Texas. Mot. at 3; Opp'n at 3. On January 4, 2022, *after* Defendant had already moved its headquarters to Texas, Plaintiff served its complaint on Defendant's registered agent in California. Opp'n at 3. On February 2, 2022, Defendant removed the action to this Court.

### II. Legal Standard

A case may be removed from state court to federal court "only if the federal court would have had subject matter jurisdiction over the case." *Glob. Indus. Inv. v. Chung*, No. 19-CV-07670-LHK, 2020 WL 2027374, at *2–3 (N.D. Cal. Apr. 28, 2020) (citing 28 U.S.C. § 1441(a) and *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.")). Plaintiff may move to remand a case to state court "on the basis of any defect other than lack of subject matter jurisdiction" within 30 days of the notice of removal. *Id.* (citing 28 U.S.C. § 1447(c)).

*2 In general, diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed, and removal is effected." *Stuto v. GE Healthcare, Inc.*, No. 19-CV-02093-PJH, 2019 WL 2423512, at *1 (N.D. Cal. June 10, 2019) (citing *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002) (citing *Morongo Band of*

Case 4:24-cv-08738-DMR   Document 1-7   Filed 12/04/24   Page 3 of 6

Monet v. Tesla, Inc., Not Reported in Fed. Supp. (2022)

*Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint)); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (diversity must exist when the action is removed)).

The "no local defendant rule" codified in 28 U.S.C. § 1441(b)(2), provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served as defendants is* a citizen of the State in which such action is brought" (emphasis added).

### III. Discussion

There is no dispute that there is complete diversity between Plaintiff and Defendant, and that the jurisdictional minimum of $75,000 has been satisfied. Nonetheless, Plaintiff contends that at the time the lawsuit was filed in state court, Defendant was a citizen of California, and therefore the "no local defendant" rule embodied in § 1141(b) bars removal. Mot. at 2. Defendant contends that the "no local defendant rule" applies when the complaint is served, not when it is filed, and that by the time Plaintiff effected service, Defendant was no longer a citizen of California.

The "no local defendant rule" codified in 28 U.S.C. § 1441(b)(2) "is only applicable at the time a notice of removal is filed." *Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 871 (9th Cir. 2004) (affirming denial of motion to remand because no local defendant was a party to the action at the time of removal). Under this binding Ninth Circuit authority, the Court finds that "no local defendant rule" does not bar removal in this case because Defendant was no longer a citizen of California at the time of removal. Furthermore, the plain language of § 1441(b)(2) bars removal only when a defendant "properly joined *and served*" is a resident of the forum. 28 U.S.C. § 1441(b)(2) (emphasis added). Here, Defendant was no longer a local defendant by the time it was *served*.

Plaintiff relies on *Stuto*, 2019 WL 2423512, in which the court held remand was not proper when a California corporation moved its headquarters to Texas because, although complete diversity existed when the case was removed, "complete diversity did not exist at the time the complaint was filed." Mot. at 4–5 (citing *Stuto*, 2019 WL 2423512, at *5). Here, there has always been complete diversity between the parties. Plaintiff is a citizen of Arizona. Defendant was a citizen of California and Delaware at the time suit was filed, and Defendant is now a citizen of Texas and Delaware. Thus, *Stuto* is not applicable and does not bar removal of the present case to this Court.

Plaintiff also relies on the "time of filing" rule (i.e., a court's jurisdiction depends on the circumstances when the case was filed), citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939). Pl. Derrick Monet's Reply to Def.'s Resp. to Pl.'s Mot. to Remand, Dkt. No. 21 ("Reply") at 3–4. Plaintiff is correct that the time of filing rule requires complete diversity to be present when the complaint is filed and that subject matter jurisdiction must exist at the time the complaint was filed. However, Plaintiff's argument is misplaced because the time of filing rule is separate and distinct from the no local defendant rule codified in § 1441(b)(2). As stated previously, the plain language of § 1441(b)(2) bars removal only when a defendant "properly joined *and served*" is a resident of the forum. 28 U.S.C. § 1441(b)(2) (emphasis added).

### IV. Conclusion

*3 For the reasons stated above, Plaintiff's Motion to Remand is **DENIED**.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2022 WL 2714969

---

End of Document © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Case 4:24-cv-08738-DMR    Document 1-7    Filed 12/04/24    Page 4 of 6

Sare v. Tesla, Inc., Not Reported in Fed. Supp. (2022)

2022 WL 2817422
Only the Westlaw citation is currently available.
United States District Court, E.D. California.

Natalie P. SARE, Plaintiff,
v.
TESLA, INC., et al., Defendants.

No. 2:22-cv-00547-JAM-CKD
|
Signed July 18, 2022
|
Filed July 19, 2022

**Attorneys and Law Firms**

[Jonathan A. Michaels](), MLG Attorneys at Law, Costa Mesa, CA, Brent Rawlings, [Matthew Van Fleet](), MLG, APLC, Costa Mesa, CA, for Plaintiff.

[Michael Alan Preciado](), Buchalter, Irvine, CA, for Defendant Tesla, Inc.

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

[JOHN A. MENDEZ](), SENIOR UNITED STATES DISTRICT JUDGE

### I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

***1** This case arises from a fatal car crash. On May 14, 2020, Gary Marchi ("Marchi" or "Decedent") was driving his 1995 Ford F-350 eastbound on the I-205, towing a flatbed trailer. Compl. ¶ 11, ECF No. 1-1. Andrea Myers ("Myers") was driving her Model 3 Tesla in autopilot mode in the lane to Marchi's left. Id.

Suddenly Myers' Tesla began to swerve without warning, hitting the front driver's-side of Marchi's Ford. Id. ¶ 12. As Meyer's attempted to regain control of her Tesla, it swerved again, hitting Marchi's Ford for the second time. Id. This caused Marchi to lose control of his vehicle, flipping and rolling before coming to a stop. Id. ¶ 13. The roof of Marchi's Ford collapsed internally. Id. Marchi sustained life-threatening injuries and ultimately, did not survive. Id.

Natalie Sare ("Plaintiff"), Marchi's sister and personal representative of his estate, brought this action in San Joaquin County Superior Court against Tesla Inc. ("Defendant") for (1) strict products liability — manufacturing defect; (2) strict products liability — design defect; (3) negligence, and (4) negligence — failure to recall. See generally Compl. Tesla removed the action to this Court on the basis of diversity jurisdiction. Not. of Removal at 2-4, ECF No. 1. Plaintiff now moves to remand the case back to San Joaquin County Superior Court and requests the associated fees and costs incurred. Mot. to Remand, ECF No. 8.[1] Defendant opposed the motion. Opp'n, ECF No. 9. Plaintiff replied. Reply, ECF No. 12. For the reasons set forth below Plaintiff's motion is denied.

### II. OPINION

A. Legal Standard

Removal jurisdiction is a creation of statute. See [Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)]() ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In general, only those state court actions that could have been originally filed in federal court may be removed. [28 U.S.C. § 1441(a)]() ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant"); see also [Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)]() ("Only state-court actions that originally could have been filed in federal court may be removed to federal court."). Accordingly, the removal statute provides two ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. [28 U.S.C. §§ 1331](), [1332]().

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal. [Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)]() ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). If there is any doubt as to the right to removal, the case should be remanded to state court. [Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)]().

### B. Analysis

**\*2** Defendants removed this action on the basis of diversity jurisdiction. Not. of Removal at 2-4. Plaintiff now seeks to remand the case, arguing the parties are not diverse. Mot. at 4-10. Diversity jurisdiction requires that all parties be completely diverse and the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a); Matheson, 319 F.3d at 1090. "Complete diversity" exists where no plaintiff is a citizen of the same state as any defendant to the case. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). A natural person is a citizen of the state of their domicile – their permanent home where they reside and intend to remain. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both the state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Here, the parties agree the amount in controversy exceeds $75,000 and Plaintiff is a citizen of California. Mot. at 4; Opp'n at 3, 9. Plaintiff, however, contends the parties are not diverse, as Defendant, at the time this suit was filed, had its principal place of business in Palo Alto and was thus a citizen of California. Mot. at 6. Defendant, on the other hand, claims that after moving its headquarters, it is no longer a citizen of California but rather Texas. Opp'n at 4-9. Accordingly, the sole issue before the Court is whether on February 14, 2022, when this lawsuit was filed, Tesla's principal place of business was in California or Texas. See Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570 (2004) (the jurisdiction of the court depends upon the circumstances at the time the action was brought).

A corporation's principal place of business is its "nerve center" – "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010). Ordinarily, a corporation's principal place of business will be "where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination [...] and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." Id. at 93.

Defendant contends that it officially moved its global headquarters from Palo Alto, California to Austin, Texas on December 1, 2021, over two months before this action was filed. Opp'n at 5. To support this, Defendant submitted its 8-K form with the Securities and Exchange Commission, informing the Commission of its headquarters move on December 1, 2021. Ex. B to Opp'n, ECF No. 9-3. Crucially, Defendant submits evidence that its high level corporate officers, including CEO Elon Musk, Chief Financial Officer Zachary Kirkhorn, Head of Legal Department David Searle, Vice President of Employee Health and Safety Laurie Shelby, and Senior Director of the Office of the CEO and Gigafactory Texas Omead Afshar, are all based out of the Texas headquarters. Preciado Decl. ¶ 5. Moreover, Tesla's Corporate Governance Guidelines directs communications from shareholders to the Texas address. Ex. F to Opp'n at 4-5, ECF 9-7; see Wilmington Tr. Co. v. Boeing Co., No. C20-0402-RSM-MAT, 2020 WL 4004575, at \*2 (W.D. Wash. June 8, 2020) (finding corporate bylaws identifying Chicago as the location of the corporation's executive officers and directing notices from shareholders be sent to that location supported finding its principal place of business was in Chicago). Finally, there is no evidence of jurisdictional manipulation. Well before this lawsuit, as early as May 2020 continuing through October 1, 2021, Tesla's officers, including CEO Elon Musk, publicly stated Tesla would be moving its corporate headquarters to Austin, Texas. Preciado Decl. ¶ 6 (citing Ex. G.).

**\*3** Defendant has met its burden of demonstrating through competent evidence that at the time this suit was filed, Tesla's principal place of business was in Austin, Texas, as that is where its high level officers directed, controlled, and coordinated the corporation's activities. See Hertz Corp., 559 U.S. at 80-81. Plaintiff's evidence does not persuade the Court otherwise. Plaintiff relies on an article from April 2022 that Tesla celebrated its new headquarters' opening with a 'Cyber Rodeo' party two months after the complaint was filed. Mot. at 6. But as Defendant points out, the date Tesla decided to celebrate its opening with the public is not indicative of when their high level officers began directing operations from that locale. Opp'n at 5 n.2.

The Court therefore finds Tesla is a citizen of both Delaware, its place of incorporation, and Texas. Given Plaintiff is a citizen of California, complete diversity exists between the parties. Accordingly, Plaintiff's motion to remand and her accompanying request for fees and costs incurred is denied.

### III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion to remand and request for associated fees and costs incurred.

Sare v. Tesla, Inc., Not Reported in Fed. Supp. (2022)

Case 4:24-cv-08738-DMR   Document 1-7   Filed 12/04/24   Page 6 of 6

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2022 WL 2817422

---

## Footnotes

1     This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 7, 2022.

---

**End of Document**      © 2024 Thomson Reuters. No claim to original U.S. Government Works.