**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Sandra G. Ezell (SBN: 325046)
sandra.ezell@nelsonmullins.com
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone:    804.533.2900
Facsimile:     804.616.4129

Ian G. Schuler (SBN: 275052)
ian.schuler@nelsonmullins.com
750 B. Street, Suite 2200
San Diego, CA 92101
Telephone:    619.489.6110
Facsimile:     619.821.2834

Trevor C. Zeiler (SBN: 325543)
trevor.zeiler@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:    424.221.7400
Facsimile:     424.221.7499

Attorneys for Defendant
TESLA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Caleb Mendoza; Eduardo Mendoza and Maria Mendoza; and Estate of Genesis Giovanni Mendoza Martinez, by and   through its personal representatives,  Eduardo and Maria Elena Mendoza,<br><br>                        Plaintiffs,<br><br>        vs.<br><br>Tesla, Inc., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>                        Defendants. | Case No.  3:24-cv-08738-VC<br>(Removed from Contra Costa County Superior Court – Case No. C24-02690)<br><br>**TESLA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:  April 3, 2025<br>Time: 10:00 a.m.<br>Dept:  Courtroom 4 – 17th Floor<br><br>Judge: Hon. Vince Chhabria<br><br>Action Filed:  October 9, 2024 |

# TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................................1

II.   RELEVANT BACKGROUND ................................................................................2

    A.    The Subject Incident. ...................................................................................2

    B.    The Complaint. .............................................................................................3

III.  LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS...................5

IV.   LEGAL ARGUMENT AND AUTHORITIES.......................................................6

    A.    Plaintiffs fail to state claims against Tesla for fraudulent misrepresentation and negligent misrepresentation. ..................................................................................6

        1.    Plaintiffs fail to plead actionable misrepresentations that pertain to past or existing material facts. Instead, the statements alleged as misrepresentations in the Complaint are statements or predictions regarding future events, which are not actionable. .....................................6

        2.    Plaintiffs fail to meet the heightened pleading standard for negligent and fraudulent misrepresentation because they have not sufficiently alleged the time, place, manner, and content of the alleged false representations and what was obtained by Giovanni.................................................................9

    B.    Plaintiffs fail to state a claim against Tesla for fraudulent concealment. ..............13

        1.    Plaintiffs have not alleged sufficient facts to establish a direct transaction between Giovanni and Tesla such that Tesla was under a duty of disclosure. ...............................................................................................13

V.    CONCLUSION....................................................................................................16

## TABLE OF AUTHORITIES

**Cases** .................................................................................................................**Page(s)**

*Bigler-Engler v. Breg, Inc.*

    (2017) 7 Cal.App.5th 276 ................................................................ 14, 15

*Black & Veatch Corp. v. Modesto Irrigation Dist.,*

    827 F.Supp.2d 1130 (E.D. Cal. 2011) ................................................ 10

*Boschma v. Home Loan Center, Inc.*

    (2011) 198 Cal.App.4th 230 .............................................................. 13

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,*

    637 F.3d 1047 (9th Cir. 2011) ........................................................ 6, 9

*Cansino v. Bank of America*

    224 Cal.App.4th 1462 (2014) .......................................................... 7, 8

*Cohen v. S&S Construction Co.*

    151 Cal.App.3d 941 (1983) ................................................................. 7

*Das v. WMC Mortg. Corp.*

    831 F.Supp.2d 1147 (N.D. Cal. 2011) ............................................... 10

*Fulford v. Logitech, Inc.*

    (N.D.Cal. 2009) 2009 WL 837639 .................................................... 14

*Gentry v. eBay, Inc.*

    99 Cal.App.4th 816 (2002) ................................................................. 8

*Glen Holly Ent., Inc. v. Tektronix, Inc.*

    352 F.3d 367 (9th Cir. 2003) .............................................................. 7

*Grouse River Outfitters, Ltd. v. NetSuite, Inc.*

    No. 16-cv-02954-LB, 2018 WL 306719 (N.D. Cal. 2018) .................................................. 7, 11

*In re Am. Apparel, Inc. Shareholder Litig.*

    855 F. Supp. 2d 1043 (C.D. Cal. 2012) .................................................................... 7

*In re Syntex Corp. Sec. Litig.*

    95 F.3d 922 (9th Cir.1996) .................................................................................... 6

*Kaldenbach v. Mut. of Omaha Life Ins. Co.*

    (2009) 178 Cal.App.4th 830 ................................................................................ 13

*Kearns v. Ford Motor Co.*

    567 F.3d 1120 (9th Cir. 2009) .................................................................... 9, 11, 12

*Kovich v. Paseo Del Mar Homeowners Ass'n*

    (1996) 41 Cal.App.4th 863 .................................................................................. 14

*Lantz Retirement Investments, LLC v. Glover*

    2021 WL 6118182 (E.D. Cal. 2021) ...................................................................... 8

*Moran v. Peralta Community College Dist.*

    825 F.Supp. 891 (N.D.Cal.1993) .......................................................................... 6

*Neilson v. Union Bank of California, N.A.*

    290 F.Supp.2d 1101 (C.D. Cal. 2003) .................................................................. 10

*Radici v. Associated Ins. Companies*,

    217 F.3d 737 (9th Cir.2000) ................................................................................. 6

*Rankine v. Roller Bearing Co. of Am., Inc.*

    2013 WL 55802 (S.D. Cal. Jan. 2, 2013) ............................................................. 10

TABLE OF AUTHORITIES

*Rattagan v. Uber Technologies, Inc.*

   (2024) 324 Cal.Rptr.3d 433 ........................................................................... 13, 14, 15

*Ross v. U.S. Bank Nat'l Ass'n,*

   542 F.Supp.2d 1014 (N.D. Cal. 2008) ......................................................................... 6

*RSB Vineyards, LLC v. Orsi*

   15 Cal.App.5th 1089 (2017) ......................................................................................... 7

*Sanford v. MemberWorks, Inc.*

   625 F.3d 550 (9th Cir.2010) ......................................................................................... 9

*Service by Medallion, Inc. v. Clorox Co.*

   44 Cal.App.4th 1807 (1996) ......................................................................................... 7

*SI 59 LLC v. Variel Warner Ventures, LLC*

   29 Cal.App.5th 146 (2018) ........................................................................................... 7

*Tarmann v. State Farm Mut. Auto Ins.* Co.

   2 Cal. App. 4th 153 (1991) ........................................................................................... 7

*U.S. Concord, Inc. v. Harris Graphics Corp.*

   757 F.Supp. 1053 (N.D. Cal. 1991) ......................................................................... 10

*Vess v. CIBA-Geigy Corp. USA*

   317 F.3d 1097 (9th Cir. 2003) ................................................................................... 10

**Rules**

Federal Rule of Civil Procedure 9(b) ................................................................. 9, 10, 11

TABLE OF AUTHORITIES

## I.  **INTRODUCTION**

This lawsuit involves an accident on Interstate 680 on February 18, 2023, at 3:54 AM, when a used[1] 2014 Tesla Model S driven by Genesis Giovanni Mendoza Martinez (Giovanni) crashed into a parked fire truck that was responding to another incident. Now, Plaintiffs have sued Tesla for products liability claiming, *inter alia*, that Tesla failed to equip the 2014 Model S with technologies such as infrared cameras to track a driver's eyes to ensure driver attentiveness. Plaintiffs have also sued Tesla for misrepresentation and fraud alleging it intentionally misrepresented the capabilities of the 2014 Model S and concealed that the advanced driver assistance features of the vehicle were different from a fully autonomous driving system. To support these claims, Plaintiffs cite a litany of statements by Tesla's Chief Executive Officer and the company, none of which are affirmative statements about the 2014 Model S's safety, technology, or its capabilities, and all of which are statements or predictions about the future of vehicle technology, which are not actionable.

What the complaint doesn't say is that this lawsuit represents a deeply flawed attempt to take products liability and fraud law where it has never gone before. While courts have found liability for misrepresenting past material facts, California law is clear that statements and predictions about future events are opinions that are not actionable. And no case should hold that predictions about the future possibilities of technology are actionable as predicates for fraud because it would chill technological development and prevent the open exchange of ideas. And this case shows why. Fraud is a severe claim against the defendant. The representation in question *must* be an affirmation of fact pertaining to a past or existing fact, as opposed to an opinion, otherwise, nearly every discussion about the advancement of technology would give rise to liability for fraud. That cannot be the law.

---

[1]    Notably, Plaintiffs omit the model year of the subject vehicle from their Complaint. Compl. ¶ 5. Plaintiffs also failed to sufficiently disclose the used nature of the 2014 Tesla Model S and whether or to what extent Giovanni was a second or even third purchaser of the vehicle. Compl. at ¶ 50. Plaintiffs do not list the original purchase date of the 2014 Model S either. See Compl., *generally*.

TESLA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR
JUDGMENT ON THE PLEADINGS

In ruling on this Motion, the Court should dismiss the intentional misrepresentation, negligent misrepresentation, and fraudulent concealment causes of action for at least the following reasons:

*First*, Plaintiffs have failed to plead actionable misrepresentations by Tesla that pertain to past or existing material facts regarding the 2014 Model S. The alleged statements supporting Plaintiffs' misrepresentation claims are predictive in nature and relate to future events, meaning they cannot form the basis of liability.

*Second*, Plaintiffs have failed to meet the heightened pleading standard for fraud. The Complaint fails to identify an affirmative representation about the 2014 Model S, and further, it fails to sufficiently allege the time, place, manner, and content of any false representations *as obtained* by Giovanni.

*And third*, Plaintiffs have failed to state a claim against Tesla for fraudulent concealment because they have not alleged a direct transaction between Tesla and Giovanni such that Tesla owed a duty of disclosure. California law is clear that there must be a direct transaction between the plaintiff and the defendant such that information can be exchanged for a duty of disclosure to attach. Here, there was no transaction between Giovanni and Tesla alleged as Giovanni purchased the 2014 Model S used.

For all these reasons, the Court should dismiss the misrepresentation and concealment claims.

## II.    RELEVANT BACKGROUND

### A.    The Subject Incident.

On March 4, 2021, Giovanni purchased a used 2014 Model S from its prior owner, Jorge Ventura. Compl. at ¶ 50. According to the Complaint, Giovanni believed the 2014 Model S "would drive itself and he no longer needed to drive it[]" based on statements made by Tesla's Chief Executive Officer. Compl. at ¶ 51.

On February 18, 2023, at approximately 3:54 A.M., Giovanni was driving in the number two lane on Interstate 680 northbound; his brother, Plaintiff Caleb Mendoza, was riding as a front seat passenger. Compl. at ¶ 52. Giovanni was not controlling the 2014 Model S but was instead sitting in the driver seat with Autopilot engaged. Compl. at ¶ 52. The 2014 Model S then collided with a fire truck, a 2016 Pierce Aerial, which was parked diagonally across several traffic lanes while responding to a separate incident. Compl. at ¶ 52. Giovanni died as a result of the crash. Compl. at ¶ 53.

**B.    The Complaint.**

On October 9, 2024, Plaintiffs Caleb Mendoza, Eduardo Mendoza, and Maria Mendoza, filed a lawsuit in the California State Superior Court for the County of Contra Costa, stating causes of action for: (1) Strict Products Liability; (2) Negligent Products Liability; (3) Negligent Misrepresentation; (4) Fraudulent Misrepresentation; (5) Concealment; (6) Negligent Infliction of Emotional Distress; and (7) Wrongful Death. The Complaint seeks economic, noneconomic, and punitive damages against Tesla. The Complaint was served on November 4, 2024, and the matter was removed to this Court on December 4, 2024.

In attempt to plead misrepresentation and concealment causes of action, the Complaint cites multiple statements by Tesla and its Chief Executive Officer regarding the future of vehicle technology. Each of these statements, however, is predictive in nature or is an opinion about the future of vehicle technology, including forward-looking autonomous driving capabilities. Further, nothing cited constitutes an affirmative representation about the capabilities of the 2014 Model S when it was sold or when it was involved in the subject accident. The following statements are cited in support of the misrepresentation and concealment claims (emphases have been added to highlight predictive language within each statement):

- "In June 2014, Tesla's CEO and Co-Founder, Elon Musk stated during a Shareholder Meeting 'I'm confident that—**in less than a year—you'll be able** to go from highway to onramp to highway exit without touching any controls.' " Compl. at ¶ 22.

- "By December 2015, Musk was publicly stating Tesla vehicles **would** drive themselves **within about two years**." Compl. at ¶ 24.

- "[Musk] told Fortune Magazine, 'I think we have all the pieces, and it's just about **refining those pieces, putting them in place**, and making sure they work across a huge number of environments—**and then we're done**. It's a much easier problem than people think it is.'" Compl. at ¶ 24.

- "Musk also stated, 'We're **going to end up** with complete autonomy, and **I think we will have complete autonomy in approximately two years**.'" Compl. at ¶ 24.

- "In January 2016, Musk announced on a conference call with reporters that Autopilot was 'probably better' than a human driver. He stated **Tesla vehicles would be able to drive significantly better than humans within two to three years, and that within approximately two years drivers would be able to use Tesla's 'Summon' feature**, which allows drivers to remotely instruct their vehicle to drive to a specified location, to summon a vehicle from the other side of the country." Compl. at ¶ 25.

- "Tesla officers and directors—including, most notably, Elon Musk repeatedly doubled-down on the premise that Teslas were, or **would soon be**, capable of safe, fully autonomous driving with minor software updates." Compl. at ¶ 29.

- "'I think we're basically **less than two years away from complete autonomy**—complete,' Musk said." Compl. at ¶ 30.

- "**When** true self-driving is approved by regulators, it will mean that **you will be able to** summon your Tesla from pretty much anywhere. Once it picks you up, **you will be able to** sleep, read or do anything else enroute to your destination. You **will also be able to** add your car to the Tesla shared fleet just by tapping a button on the Tesla phone app and have it generate income for you while you're at work or on vacation." Compl. at ¶ 32.

- "In April 2019, at an event in Palo Alto, California, that Tesla dubbed 'Autonomy Day,' Musk took to the stage and announced that Tesla vehicles **would be capable** of full self-driving and autonomously navigating dense urban areas like San Francisco and New York by the end of 2019, and that **in two years** the company would be making cars without steering wheels or pedals." Compl. at ¶ 46.

- "Musk also stated, '**If you fast forward a year, maybe a year and three months**, but next year for sure, we will have over a million robo-taxis on the road,' and 'I feel very confident predicting autonomous robo-taxis for Tesla **next year**. ... I'm confident we'll have at least regulatory approval somewhere, literally **next year**." Compl. at ¶ 46.

- "Musk stated the robo-taxis **would be a way** for Tesla owners to make money when they aren't using their vehicles, with Tesla taking 25 or 30 percent of the revenue and allowing the company to compete with popular ride-hailing services like Uber and Lyft. A few months later, Musk doubled-down on the robo-taxi **prediction**, tweeting that Tesla **would 'have'** a million robo-taxis by end of 2020." Compl. at ¶ 46.

- "In December 2020, at the Axel Springer award ceremony in Berlin, Musk again touted the capability of Tesla vehicles stating that, 'I'm extremely confident of achieving full autonomy and releasing it to the Tesla customer base **next year**.'" Compl. at ¶ 47.

TESLA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

In addition to the predictive statements identified above, the Complaint also makes allegations about vehicles manufactured *after* the 2014 Model S, which are irrelevant because those technological updates in hardware or software would not apply to 2014 Tesla model vehicles (these statements also happen to incorporate predictive statements or opinions):

- "On October 19, 2016, Tesla released its Autopilot 2.0 software and announced that **all new Tesla cars** would come with a new suite of hardware (called Autopilot Hardware 2) consisting of eight cameras, twelve ultrasonic sensors, and a forward-facing radar unit, which **Tesla claimed would allow the cars to soon become capable** of SAE Level 5 autonomy."[2]

- Referring to the October 19, 2016, announcement: "Tesla published a post on its official company blog titled 'All Tesla Cars Being Produced Now Have Full Self-Driving Hardware,' stating 'we are excited to announce that, **as of today, all Tesla vehicles produced in our factory**—including Model 3—will have the hardware needed for full self-driving capability at a safety level substantially greater than that of a human driver. 'In the same post, Tesla stated that '[s]elf-driving vehicles **will play a crucial role** in improving transportation safety and accelerating the world's transition to a sustainable future,' and that 'full autonomy **will enable** a Tesla to be substantially safer than a human driver."

At Paragraph 48 of the Complaint, Plaintiffs define the statements above as "affirmative misrepresentations," making clear that these statements form the basis of the negligent misrepresentation, misrepresentation, and concealment causes of action. Tellingly, the Complaint omits statements by Tesla pertaining to the specific capabilities of the 2014 Model S, let alone any representations made by Tesla about the 2014 Model S that were allegedly obtained by Giovanni. Rather, most of the Complaint is hearsay about incidents involving other Tesla drivers and vehicles, which are legally irrelevant to the claims as pled. As detailed below, the statements identified in the Complaint are not actionable and cannot serve as a predicate for fraud or negligent misrepresentation.

## III.    LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rules 12(b)(6) and (c)

---

[2]    The phrase, "Tesla claimed would allow the cars to soon become capable," is a predictive statement about a future technology.

are virtually interchangeable. In deciding a Rule 12(c) motion, the court applies the same standards applicable to a Rule 12(b)(6) motion. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1054, fn. 4 (9th Cir. 2011) ("Rule 12(c) is 'functionally identical' to Rule 12(b)(6)"); *Ross v. U.S. Bank Nat'l Ass'n,* 542 F.Supp.2d 1014, 1023 (N.D. Cal. 2008) (citing text). Under Rule 12(c), a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy, and dismiss the claim or enter judgment on the pleadings if the complaint fails to state a legally sufficient claim. *Ross, supra,* 542 F.Supp.2d at 1023. Conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir.1996).

"Although Rule 12(c) does not expressly authorize 'partial' judgments, neither does it bar them, and it is common to apply Rule 12(c) to individual causes of action." *Id*. citing *Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 893 (N.D.Cal.1993), abrogated by *Radici v. Associated Ins. Companies*, 217 F.3d 737, (9th Cir.2000), on other grounds. Failure to plead with particularity as required by Rule 9(b) can be challenged by a Rule 12(c) motion. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., supra,* 637 F.3d at 1054-1055.

## IV.    LEGAL ARGUMENT AND AUTHORITIES

### A.    Plaintiffs fail to state claims against Tesla for fraudulent misrepresentation and negligent misrepresentation.

#### 1.    Plaintiffs fail to plead actionable misrepresentations that pertain to past or existing material facts. Instead, the statements alleged as misrepresentations in the Complaint are statements or predictions regarding future events, which are not actionable.

In the Complaint, Plaintiffs lodge causes of action against Tesla for both intentional and negligent misrepresentation. Plaintiffs fail, however, to state a claim under either theory against Tesla because they have not sufficiently pled representations by Tesla about past or existing material facts. All that is alleged are future predictive statements, which as explained below, are not actionable.

Under California law, "[a] complaint for fraud must allege the following elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1816 (1996). "[A] cause of action for misrepresentation requires an affirmative statement, not an implied assertion." *RSB Vineyards, LLC v. Orsi,* 15 Cal.App.5th 1089, 1102 (2017). Along these lines, the representation must ordinarily be an affirmation of fact, as opposed to an opinion. *See Cohen v. S&S Construction Co.,* 151 Cal.App.3d 941, 946 (1983).

"Negligent misrepresentation requires an assertion of fact, falsity of that assertion, and the tortfeasor's lack of reasonable grounds for believing the assertion to be true. It also requires the tortfeasor's intent to induce reliance, justifiable reliance by the person to whom the false assertion of fact was made, and damages to that person. An implied assertion of fact is 'not enough' to support liability." *SI 59 LLC v. Variel Warner Ventures, LLC*, 29 Cal.App.5th 146, 154 (2018).

"**The law is well established that actionable misrepresentations must pertain to past or existing material facts**. **Statements or predictions regarding future events are deemed to be mere opinions which are not actionable**." *Cansino v. Bank of America*, 224 Cal.App.4th 1462, 1469 (2014) (emphasis added) (internal citations omitted). Indeed, this Court has found that "[s]tatements that are predictions of future events or commitments to take some action in the future generally are not actionable fraud." *Grouse River Outfitters, Ltd. v. NetSuite, Inc.*, No. 16-cv-02954-LB, 2018 WL 306719, at *4 (N.D. Cal. 2018) (citing *Tarmann v. State Farm Mut. Auto Ins.* Co., 2 Cal. App. 4th 153, 158 (1991)); *Cansino, supra*, 224 Cal.App.4th 1462, 1469–71 (2014) (forecasts of future events are "mere opinions," not actionable misrepresentations); *In re Am. Apparel, Inc. Shareholder Litig.*, 855 F. Supp. 2d 1043, 1072 (C.D. Cal. 2012) (use of words such as "pursuing," "looking to build," "going to be," and "committed to" are articulations of goals not facts); *Glen Holly Ent., Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir. 2003) (statements about

a "high priority" placed on product development are not actionable misrepresentations because the "statements were generalized, vague and unspecific assertions").

"[I]n California, whether plaintiffs' claim is pled under the law pertaining to intentional misrepresentations or pertaining to negligent misrepresentations … '[t]he law is well established that <u>actionable misrepresentations</u> must pertain to past or existing material facts.'" *Lantz Retirement Investments, LLC v. Glover,* 2021 WL 6118182, * 9 (E.D. Cal. 2021) (emphasis in original) (citing *Cansino, supra*, 224 Cal. App. 4th at 1469 and *Gentry v. eBay, Inc*., 99 Cal.App.4th 816, 835 (2002) ("An essential element of a cause of action for negligent misrepresentation is that the defendant must have made a misrepresentation as to a past or existing material fact.").

The representations listed in section II(B), which are drawn directly from the Complaint, cannot support a cause of action for intentional *or* negligent misrepresentation because they are, at their core, statements or predictions about future events or the future of vehicle technology, including the development of full self-driving capabilities. Indeed, the subject of each representation is the future of technology as evidenced by the speaker's repeated use of phrases like, "within about *two years*," "we will have complete autonomy *in approximately two years*," "Tesla vehicles would be able to drive significantly better than humans *within two to three years*," "*would* soon be," "less than two years away from complete autonomy," "you *will* be able to," "If you *fast forward* a year," "Musk doubled-down on the robo-taxi *prediction*," and "*will* play a crucial role." All these statements for forward-looking articulations of technological goals; they are not representations about past or existing facts, and therefore, cannot be considered "actionable misrepresentations" for the purposes of pleading an intentional *or* negligent misrepresentation cause of action. *Lantz, supra,* 2021 WL 6118182, at *9.

2.    **Plaintiffs fail to meet the heightened pleading standard for negligent and fraudulent misrepresentation because they have not sufficiently alleged the time, place, manner, and content of the alleged false representations and what was obtained by Giovanni.**

Plaintiffs allege Tesla committed fraud and negligent misrepresentation by misrepresenting facts relevant to the advanced driver assistance systems of the 2014 Model S. A cursory review of the Complaint, however, shows that Plaintiffs have failed to plead these causes of action with the requisite particularity required by Federal Rule of Civil Procedure 9(b).

"It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (internal quotation marks omitted). Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Ninth Circuit has identified three purposes Rule 9(b) serves:

> (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

*Kearn v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009) (internal quotations and brackets omitted). Under Rule 9(b), therefore, the pleading must be "specific enough to give defendants notice of the particular misconduct .... that they can defend against the charge and not just deny they have done anything wrong." *Sanford v. MemberWorks, Inc*., 625 F.3d 550, 558 (9th Cir.2010). More specifically, "[t]o satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted).

There is no dispute that Rule 9(b) applies to Plaintiffs' fraudulent misrepresentation claim. Rule 9(b) also applies to Plaintiffs' negligent misrepresentation claim because it is based on the same set of alleged facts as the fraud claims, i.e., that Tesla somehow misrepresented the 2014 Model S's technological driving capabilities, though no statements specific to the 2014 Model S are offered. *See Das v. WMC Mortg. Corp.*, 831 F.Supp.2d 1147, 1166 (N.D. Cal. 2011) (collectively considering claims for intentional misrepresentation, fraudulent concealment, and negligent misrepresentation); *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053, 1058 (N.D. Cal. 1991); *see also Rankine v. Roller Bearing Co. of Am., Inc.*, 2013 WL 55802, at *4 (S.D. Cal. Jan. 2, 2013) (collectively considering claims for intentional misrepresentation, negligent misrepresentation, and common law fraud and holding that they are subject to the heightened pleading standards of Rule 9(b)); *Black & Veatch Corp. v. Modesto Irrigation Dis*t., 827 F.Supp.2d 1130, 1146 (E.D. Cal. 2011) (considering claims for both fraud and negligent misrepresentation); *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003) (considering claims for fraud and negligent misrepresentation).

Here, Plaintiffs' Complaint fails to allege a false claim or statement by Tesla regarding the used 2014 Model S. While the pleading goes on at length about other incidents and statements made by Tesla about the future of vehicle technology, it does not provide any representations specific to the driving capabilities of the 2014 Model S, let alone any representations about the vehicle that were knowingly false. Under California law, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *See Vess v. CIBA-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). At the very least, given the heightened pleading standard for fraud, Plaintiffs must identify some misrepresentation specific to the 2014 Model S and state why it was false; averments about future technology in Tesla vehicles in general is not enough to meet the particularity requirement in Rule

9(b). And because predictions about future events or technology are not actionable misrepresentations, (*Grouse River Outfitters, supra*, 2018 WL 306719, at \*4) those statements do not satisfy Rule 9(b)'s particularity requirement for the element of a false representation.

Putting aside Plaintiffs' failure to cite a false statement by Tesla about the 2014 Model S, the Complaint also fails to satisfy Rule 9(b) because it lacks specific averments about "the who, what, when, where, and how of the misconduct charged" sufficient to give Tesla notice of the particular misconduct at issue. In *Kearns, supra*, the Ninth Circuit considered whether the district court had properly dismissed a complaint pursuant to Rule 9(b). 567 F.3d at 1125. The Ninth Circuit determined that the plaintiff "failed to articulate the who, what, when, where, and how of the misconduct alleged" where it failed to allege: (1) what the allegedly misleading material "specifically stated"; (2) "when he was exposed [to the statements] or which ones he found material"; (3) "which sales material he relied upon in making his decision to buy [the product]"; and (4) who made allegedly false statements and when the statements were made. *Id*. at 1126. Thus, the Ninth Circuit affirmed the district court's dismissal of the complaint under Rule 9(b). *Id*.

In this case, as in *Kearns*, Plaintiffs have failed to identify the who, what, when, where, and how of the misconduct alleged, and thus fail to satisfy Rule 9(b). While Plaintiffs identify a few statements made by Tesla or its Chief Executive Officer, the Complaint refers to predictive statements and opinions about the future of vehicle technology, but fails to identify any misrepresentations specific to the subject 2014 Model S. In this regard, Plaintiffs have not sufficiently pled the "what."

And just as in *Kearns*, Plaintiffs also fail to allege when Giovanni was exposed to Tesla's statements regarding the 2014 Model S *See Kearns*, *supra*, 567 F.3d at 1126. This is particularly troubling because Plaintiffs cite statements spanning a period of six years and because Giovanni purchased the 2014 Model S used in 2021 after it had been on the market for at least six or seven years. While the Complaint alleges that Giovanni "was one of many members of the public

exposed to Tesla's long-term advertising campaign," and that he purportedly "saw, heard, and/or read" Tesla's statements (Compl. at ¶ 49), it does not identify the specific statements he heard, where or how he heard each specific statement, or the dates on which they were heard.

Moreover, as in *Kearns*, Plaintiffs fail to allege which of the alleged false statements or misrepresentations Giovanni found material or relied upon in making his decision to purchase a used 2014 Model S from a third party. See *Kearns, supra*, 567 F.3d at 1126. Given that Giovanni purchased the 2014 Model S used, and not from Tesla directly, it is significant that Plaintiffs have not identified which statements by Tesla Giovanni relied on in deciding to purchase the vehicle. Plaintiffs' general averment that Giovanni saw and relied on advertisements and Twitter posts is not specific enough to allow Tesla to meaningfully frame a response.

Finally, Plaintiffs fail to allege with specificity where Giovanni encountered the statements at issue. Although the Complaint alleges Giovanni saw, heard, or read the statements on Twitter, Tesla's blog, or in the news media, it fails to specifically state where Giovanni encountered each statement. Merely alleging that Giovanni heard or saw a statement does not meet the Ninth Circuit's requirement that the plaintiff identify where the fraud occurred or where the statements were ascertained. *Kearns* addressed this directly, finding that such allegations fail to meet the requirements of Rule 9(b):

> **Kearns fails to allege in any of his complaints the particular circumstances surrounding such representations. Nowhere in the [complaint] does Kearns specify what the television advertisements or other sales material specifically stated. Nor [does] Kearns specify when he was exposed to them or which ones he found material. Kearns also fail[s] to specify which sales material he relied upon in making his decision to buy a CPO vehicle**. … Accordingly, these pleadings do not satisfy the requirement of Rule 9(b) that 'a party must state with particularity the circumstances constituting fraud....'

*Id*. (emphasis added).

Applying the standard set forth in *Kearns*, it is apparent that Plaintiffs have not alleged with particularity when, where, and how the alleged misrepresentations were communicated, nor

have they identified which specific representations Giovanni relied on to purchase the 2014 Tesla Model S. Because Plaintiffs failed to plead these material facts, their claims for intentional and negligent misrepresentation must fail.

### B.    Plaintiffs fail to state a claim against Tesla for fraudulent concealment.

To plead a fraudulent concealment cause of action, Plaintiffs must allege that: (1) Tesla concealed a material fact; (2) Tesla was under a duty to disclose the fact to Plaintiffs; (3) Tesla intentionally concealed or suppressed the fact with the intent to defraud or harm; (4) Plaintiffs were unaware of the fact and would not have acted as they did had they known the fact; and (5) as a result of the concealment, Plaintiffs were harmed. (*Boschma v. Home Loan Center, Inc.* (2011) 198 Cal.App.4th 230, 248.) As a matter of law, Plaintiffs cannot meet these pleading requirements.

#### 1.    Plaintiffs have not alleged sufficient facts to establish a direct transaction between Giovanni and Tesla such that Tesla was under a duty of disclosure.

An indispensable element of a claim for fraud by concealment is "the defendant must have been under a duty to disclose [material] fact[s] to the Plaintiff." *Kaldenbach v. Mut. of Omaha Life Ins. Co.,* 178 Cal.App.4th 830, 850 (2009). Recently, the Supreme Court of California confirmed,

> [a] duty to disclose a material fact can arise if (1) it is imposed by statute; (2) the defendant is acting as plaintiff's fiduciary or is in some other confidential relationship with plaintiff that imposes a disclosure duty under the circumstances; (3) the material facts are known or accessible only to defendant, and defendant knows those facts are not known or reasonably discoverable by plaintiff (i.e., exclusive knowledge); (4) the defendant makes representations but fails to disclose other facts that materially qualify the facts disclosed or render the disclosure misleading (i.e., partial concealment); or (5) defendant actively conceals discovery of material fact from plaintiff (i.e., active concealment).

*Rattagan v. Uber Technologies, Inc.,* 324 Cal.Rptr.3d 433, 462-463 (2024). Importantly,

> **[a]ll of these relationships are created by transactions between parties from which a duty to disclose facts material to the transaction arises under certain circumstances. Such a transaction must necessarily arise from <u>direct dealings between the plaintiff and the defendant; it cannot arise between the defendant and the public at large</u>.**[3]

---

[3]      In *Rattagan*, unlike here, there was a direct transaction between the plaintiff's law firm and the defendant

*Id.* citing *Bigler-Engler v. Breg, Inc.,* 7 Cal.App.5th 276, 312 (2017) (internal citations and quotations omitted)(emphasis added); *see also LiMandri v. Judkins,* 52 Cal.App.4th 326 (1997). In *Limandri*, the Court made clear that "[e]ach of the … circumstances in which nondisclosure may be actionable presupposes the existence of some other relationship between the Plaintiff and defendant in which a duty to disclose can arise." *LiMandri, supra*, 52 Cal.App.4th at 336-337. "[S]uch a relationship can only come into being as a result of some sort of transaction between the parties." *Id.* at 337; see also *Kovich v. Paseo Del Mar Homeowners Ass'n,* 41 Cal.App.4th 863, 866-867 (1996) (no duty to disclose where complaint alleged no facts that defendant "acted as a seller, was a party to [a] contract, or assumed a special relationship" with [Plaintiffs].).

In *Bigler-Engler*, which was cited by the Supreme Court in *Rattagan*, the Court of Appeal held that, "[o]ur Supreme Court has described the necessary relationship giving rise to a duty to disclose as a 'transaction' between the Plaintiff and defendant …" *Bigler-Engler, supra,* 7 Cal.App.5th at 311. **"Such a transaction must necessarily arise from <u>direct dealings</u> between the Plaintiff and the defendant; it cannot arise between the defendant and the public at large."** *Id.* at 312 (emphasis added).

In fact, this Court has concluded that a defendant cannot be held liable for intentional concealment where the product was purchased through a third-party. *See Fulford v. Logitech, Inc.* 2009 WL 837639, at *1 (N.D.Cal. 2009) (dismissing intentional concealment claim against product manufacturer because Plaintiffs did not "allege[] that he entered into any transaction with [defendant]," and noting that Plaintiff alleged that he purchased product from a third party.).

---

(Uber Technologies) because they established an attorney client relationship. 324 Cal.Rptr.3d 433, 441 ("In February 2015, efforts once again ramped up to form a corporation in Argentina, but this time *Uber began managing Rattagan's work directly through its San Francisco-based paralegals*, Ryan Black and Shirin Schokrpur. Rattagan claims it was at this point Uber established a direct attorney-client relationship with him. Rattagan and his firm continued providing incorporation services to Uber throughout 2015 into 2016." (Italics added)].). There is no such relationship here between Plaintiffs and Tesla.

TESLA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Here, Plaintiffs do not allege a transaction between Giovanni and Tesla that gives rise to a duty of disclosure. Instead, the Complaint alleges that Giovanni purchased the used 2014 Model S from its prior owner, Jorge Ventura, on March 4, 2021. Compl. at ¶ 50. The Complaint does not allege that a contract or lease for the vehicle existed between Giovanni and Tesla, and therefore, as a matter of law, Tesla did not owe Giovanni any duty of disclosure. Nevertheless, Tesla anticipates that in opposing this Motion, Plaintiffs will conflate or completely overlook the transaction requirement to argue that "exclusive knowledge" of a defect in a fleet of vehicles alone is enough to confer a duty, but it is not. The actual duty analysis is as follows:

1. Is there a fiduciary relationship between Plaintiffs and Tesla?

2. If there is no fiduciary relationship between Plaintiffs and Tesla, did Tesla have exclusive knowledge of materials facts?

3. If Tesla had exclusive knowledge of material facts, was there a direct dealing or transaction between Plaintiffs and Tesla in which information could be disclosed?

If this analysis reaches the third question and the answer is "no," which is the case here, then under *Rattagan*, *LiMandri,* and *Bigler-Engler*, there is no duty to disclose. On this point, the Supreme Court of California has instructed with regard to duty that the analysis *must* reach the third question to resolve the issue: "Such a transaction <u>must</u> necessarily arise from <u>direct dealings</u> between the plaintiff and the defendant." *Rattagan, supra,* 324 Cal.Rptr.3d at 462-463. Here, the Complaint is clear. Giovanni purchased the 2014 Model S used from a private seller. There is no allegation that he transacted with Tesla for the purchase of the vehicle, and thus, Tesla did not owe a duty of disclosure. Because Plaintiffs cannot establish the duty element, their cause of action for fraudulent concealment fails as a matter of law.

/ / /

/ / /

/ / /

V.    **CONCLUSION**

For the reasons set forth above, Tesla respectfully requests that the Court dismiss Plaintiffs'

causes of action for misrepresentation, negligent misrepresentation, and concealment.


Dated: February 26, 2025                    Respectfully submitted,

                                            **NELSON MULLINS RILEY & SCARBOROUGH
                                            LLP**
                                            By:    */s/ Ian G. Schuler*
                                                   Sandra G. Ezell
                                                   Ian G. Schuler
                                                   Trevor C. Zeiler
                                                   Attorneys for Defendant
                                                   TESLA, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 26, 2025, I filed the foregoing document with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

SINGLETON SCHREIBER, LLP
Brett J. Schreiber, Esq.
Srinvas Hanumadass, Esq.
Carmela Birnbaum, Esq.
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Tel:    (619) 771-3473
Fax:    (619) 255-1515
Email: bschreiber@singletonschreiber.com; vas@singletonschreiber.com; cbirnbaum@singletonschreiber.com

**ATTORNEYS FOR PLAINTIFFS**

 */s/ Ian G. Schuler*
Ian G. Schuler