UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB MENDOZA, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>TESLA, INC.,<br><br>   Defendant. | Case No.  24-cv-08738-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 12 |

  The motion for judgment on the pleadings is granted as to the concealment claim and denied as to the misrepresentation claims. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

  *Misrepresentation.* The motion is denied as to the misrepresentation claims because the complaint alleges both actionable misrepresentations and reliance on at least one of those misrepresentations. The "Autopilot" name is plausibly misleading, especially in light of the complaint's allegations that Tesla employees expressed concern that it was and that German regulators requested it be changed to something less so. *E.g.*, *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 231 (2013). The name is not the kind of "implied assertion" that can't support a misrepresentation claim because it is alleged to be affirmatively misleading, not a statement that is misleading by omission. *See Byrum v. Brand*, 219 Cal. App. 3d 926, 940–42 (1990).

  The complaint also alleges other actionable present-tense statements, such as the video and Musk's statements that Autopilot was "probably better" than a human driver and that autonomous driving was "basically a solved problem." While these statements were made in 2016 and Mendoza's Model S was a model year 2014, the statements are still plausibly

misleading given the ability of the cars to receive software updates over the air.

Finally, Musk's predictions about advances in self-driving technology are also actionable. Although "predictions as to future events cannot normally form the basis of a fraud action," they can when "a party holds himself out to be specially qualified and the other party is so situated that he may reasonably rely upon the former's superior knowledge." *In re Jogert, Inc.*, 950 F.2d 1498, 1507 (9th Cir. 1991). Based on the allegations in the complaint, it can be reasonably inferred that Musk—the CEO of a major car company who repeatedly told investors and press that his company's cars would soon be fully self-driving—had special knowledge about the subject, and that consumers might reasonably rely on his predictions.

However, the complaint does not specify which representations Mendoza relied on, other than the Autopilot name. It's true that plaintiffs suing about misrepresentations in a "long-term advertising campaign" generally do not need to plead that they "relied on particular advertisements and statements," so long as they identify the campaign's "core allegedly fraudulent message." *In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009); *In re Oreck Corp. Halo Vacuum & Air Purifiers Marketing and Sales Practices Litigation*, 2012 WL 6062047, at *15 (C.D. Cal. Dec. 3, 2012) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–26 (9th Cir. 2009)). But here, it's not clear that all of the targeted statements really had the same message: For instance, even if the plaintiffs are right that Tesla knew all along that Autopilot was much less effective than it represented, that would render false Musk's 2016 statement that Autopilot was "probably better" than a human driver, but not necessarily his 2020 statement that Tesla's statistics showed that it was safer to drive with Autopilot than without it. Moreover, considering that the allegedly fraudulent statements were made about a cutting-edge technology over a six-year period in which that technology rapidly evolved, the degree to which any particular statement was misleading will depend on when it was made. So if the plaintiffs intend to use statements other than the Autopilot name at summary judgment or trial, they will need to present evidence that Mendoza relied on those statements in particular.

*Concealment.* The motion is granted as to the concealment claim because the plaintiffs

have not adequately alleged that Tesla had a duty to disclose material information to Mendoza. The plaintiffs note that "an affirmative statement may be so misleading that it may give rise to a fraud cause of action even where the relationship or transaction would be insufficient to give rise to a duty to disclose." *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 312 (2017). But as discussed above, the only allegedly misleading statement that the complaint identifies as one heard and relied on by Mendoza is the Autopilot name. According to the plaintiffs, that name isn't a "half-truth" that would give rise to a duty to disclose contextualizing information (like when a plaintiff asks a question and the defendant gives an answer that is technically true but ultimately misleading). *See id.* at 312–14; *Hoffman v. 162 North Wolfe LLC*, 228 Cal. App. 4th 1178, 1192 & n.14 (2014). According to the plaintiffs, the name is just a lie (and thus can support their misrepresentation claims). The plaintiffs will have leave to amend to allege facts sufficient to show that Tesla had a duty to disclose material facts—although it's not clear that they need this claim, given how much it seems to overlap with their misrepresentation claims. Similarly, if discovery on the surviving claims discloses a basis for a concealment claim, the plaintiffs may seek leave to add back a concealment claim at that time.

\* \* \*

Any amended complaint is due within 14 days of this order, with a response due 14 days after that. Discovery on the surviving claims can proceed immediately.

**IT IS SO ORDERED.**

Dated: May 16, 2025

_____
VINCE CHHABRIA
United States District Judge