UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB MENDOZA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Case No. 24-cv-08738-VC   (LJC)<br><br>**ORDER RESOLVING DISCOVERY LETTER BRIEF PRESENTING REMAINING DISPUTES REGARDING PROTECTIVE ORDER**<br><br>Re: Dkt. No. 43 |

The parties previously filed a joint discovery letter regarding a proposed protective order. The Court provided guidance as to some of the parties' disputes and directed them to meet and confer as to any remaining disputes. The parties have now filed a further discovery letter addressing three disputes that remain.

First, Defendant seeks to set a deadline to challenge confidentiality designations, to coincide with the expert discovery cutoff. That request is DENIED. It is conceivably that a party might reasonably raise a dispute after that date. A document that was not previously central to the case might appear on an opponent's trial exhibit list, or circumstances might change such that a document reasonably designated as confidential earlier in the case no longer warrants such protection later. The undisputed language in paragraph 12 still provides for possible waiver of a challenge if delay in raising a challenge causes "foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation." ECF No. 43-2 at 7, ¶ 12. That language is sufficient to address Defendant's concerns regarding "last-minute designation disputes on the eve of trial, diverting resources from pretrial preparation and prompting unnecessary emergency motion practice." *See* ECF No. 43 at 1.

Plaintiffs seek to include the following paragraph allowing for attorneys in other cases to

seek access to confidential discovery in this case:

> Subject to this Court's order, other attorneys of record in other pending lawsuits against Tesla, Inc. in the United States of America, involving a claim of defect in the Autopilot suite of driver assistance features causing a frontal crash resulting in personal injuries or death ("collateral litigants"). Collateral litigants must successfully petition this Court for access to Confidential Information and will only be shared under the terms set by this Court.

ECF No. 43-2 at 10, ¶ 17(i).

As discussed at the previous status conference, the Court is open to considering requests from other attorneys for access to confidential information in a manner consistent with the Ninth Circuit's decision in *Foltz v. State Farm Mutual Insurance Co.*, 331 F.3d 1122 (9th Cir. 2003). The parties dispute whether Plaintiffs' proposed language is consistent with that decision. In the absence of agreement by the parties, the Court agrees with Defendant that such language is not necessary to allow the Court to consider any motion that might be filed by an attorney seeking access to confidential information. Plaintiffs' proposed language also would not meaningfully assist parties or the Court in understanding the standards that would apply to such a request.[1] Plaintiffs' proposed language is therefore DENIED, without prejudging any motion that might be filed to share discovery, including materials designated CONFIDENTIAL and HIGHLY CONFIDENTIAL INFORMATION.

Finally, Defendant seeks to include a process for disclosure of information designated "HIGHLY CONFIDENTIAL" to experts, which substantially tracks language in this district's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. *See* ECF No. 43-2 at 12–13, ¶¶ 25–28. Although this case does not raise all of the same concerns about *parties'* access to confidential information as in a patent or trade secret case between competitors, this case is likely to involve Defendant's trade secrets, and many of the same concerns about *experts'* potential conflicts of interest may still be present. Early disclosure of an expert's identity also presents only a limited burden. Defendant's request to include that language is therefore GRANTED.

---

[1] The Court is not persuaded by Defendant's suggestion that inclusion of this paragraph would create a presumption of access.

2

Finally, the Court notes that both parties have submitted declarations by counsel consisting largely or entirely of legal argument. ECF Nos. 43-1, 43-3. That apparent strategy to circumvent the page limit for a joint discovery letter is not well taken. The outcome of the present disputes would be the same regardless of whether the Court considers the arguments presented by declaration, so the Court need not reach the question of whether they should be stricken. Counsel are admonished, however, not to present legal argument in declarations going forward, and warned that such declarations may be stricken sua sponte.

The parties are directed to file a proposed protective order consistent with this Order no later than December 10, 2025. That joint filing shall not be construed as waiving any party's objection to or right to challenge this Court's decisions.

**IT IS SO ORDERED.**

Dated: December 8, 2025

LISA J. CISNEROS
United States Magistrate Judge