**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Sandra G. Ezell (SBN: 325046)
sandra.ezell@nelsonmullins.com
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone:   804.533.2900
Facsimile:   804.616.4129

Ian G. Schuler (SBN: 275052)
ian.schuler@nelsonmullins.com
750 B. Street, Suite 2200
San Diego, CA 92101
Telephone:   619.489.6110
Facsimile:   619.821.2834

Trevor C. Zeiler (SBN: 325543)
trevor.zeiler@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:   424.221.7400
Facsimile:   424.221.7499

Attorneys for Defendant
TESLA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Caleb Mendoza; Eduardo Mendoza and Maria Mendoza; and Estate of Genesis Giovanni Mendoza Martinez, by and through its personal representatives, Eduardo and Maria Elena Mendoza,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>Tesla, Inc., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:24-cv-08738-VC<br><br>(Removed from Contra Costa County Superior Court – Case No. C24-02690)<br><br>District Judge: Vincent Chhabria<br>Magistrate Judge: Lisa Cisneros<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed:  October 9, 2024<br>Trial Date:      October 26, 2026 |

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREAS Plaintiffs Caleb Mendoza, Eduardo Mendoza, and Maria Mendoza, and Defendant Tesla, Inc. (collectively "the Parties" and individually "Party") wish to engage in discovery, including production of confidential business information or proprietary information and other materials in the above-entitled action ("the Action");

WHEREAS the Parties are in agreement for a Protective Order to be entered by the Court based upon the stipulation below:

NOW, THEREFORE, in order to protect such information, as may be entitled to protection, and which is produced in connection with this case including documents, deposition testimony, deposition exhibits, interrogatory responses, responses to request for admission, responses to request for production of documents, and all other discovery obtained in connection with this Action ("Discovery Material"), the Parties, by and through their respective undersigned counsel and subject to the approval of the Court, agree as follows:

## I. DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"

1. The Parties agree to take care to limit any designation to specific material that qualifies under the appropriate standards below. To the extent it is practical to do so, the designating Party must designate for protection only those parts of the material, documents, items, or oral or written communications that qualify.

2. Any Party or non-party ("Producing Party") may designate Discovery Material as "Confidential" or "Highly Confidential" (hereinafter referred to collectively as "Covered Information") under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Covered Information meets the criteria set forth below.

   a. **Confidential Information.** For purposes of this Protective Order, Confidential Information includes information that a Producing Party believes in good faith to be confidential business or financial information including (i) business plans; (ii) operational data; (iii) competitive analysis; (iv) technical information; (v) non-public communications with United States and foreign patent offices; (vi) non-public communications with United States or foreign regulatory agencies; (vii) financial information and customer information; and (ix) development, design, and

testing of Tesla systems, components, or vehicles, that at the time of the designation as Confidential Information does not fall under the more restrictive criteria of Highly Confidential Information.

   b. **Highly Confidential Information.** For purposes of this Protective Order, Highly Confidential Information includes Confidential Information that contains highly sensitive competitive trade secrets, confidential business, technical, design, development and/or proprietary information that warrants the highest level of confidentiality the disclosure of which will be detrimental to the Producing Party's business and will place the Producing Party at a competitive disadvantage.

   c. Other than marking the document "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and making other obvious redactions as appropriate, the Producing Party represents that the document is a true and correct copy of the original.

  3. In no instance may any person or entity to whom disclosure of Covered Information is authorized remove or obscure portions of, or otherwise modify a document or other Covered Information in a manner that either removes an assigned Bates Number and/or confidential designation. Any and all of the following must be marked with the appropriate confidential designation: (1) any information copied or extracted from Covered Information; (2) all copies, excerpts, summaries, or compilations of Covered Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Covered Information.

  4. Copies of discovery responses and documents containing Covered Information shall not be filed with the Court, except in accordance with Paragraph 5.

  5. In connection with any discovery motions or pre-trial proceedings as to which a Party submits Covered Information, except where contrary to Court rules, all documents and chamber copies containing Covered Information shall be filed with the Court under seal in compliance with Local Rule 79-5.

  6. The designation of Covered Information in a document or discovery response shall be made by labeling each page containing Covered Information with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in one or more margin of the page. Where a document or response consists of more than one page not all of which contain Covered Information, at minimum the first

page shall also be so labeled. In the case of information disclosed as a native file, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" label shall be affixed on a slip sheet identifying the control number of the document, as well as part of the file name. Information disclosed in or by a non-paper medium (*e.g.*, video/audio media (tape, CD, thumb drive, external hard drive) or other electronic or tangible thing), shall have a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" label affixed to the outside of the medium or its container, so as to clearly give notice of the designation. The Parties shall not modify the file name in order to ensure anyone receiving or having access to the Covered Information is aware of its status as such.

7. Inadvertent or unintentional production of documents or information containing Covered Information that should have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a Party's claims of confidentiality and will be deemed Covered Information upon notice to all parties receiving such inadvertent or unintentional production. Likewise, if information is produced which should have been withheld on the basis or should have included redactions for privilege or relating to private information of third parties, the Producing Party may replace ("claw-back") the information with appropriate redactions and the Parties must return and/or destroy the information without redactions within five (5) days of receipt of the properly redacted version.

8. Any notes, lists memoranda, indices, compilations, electronically stored information, reports, records, and documents prepared or based on an examination of Covered Information and any summaries of Covered Information which quote from, identify, or refer to the Covered Information with such specificity that the Covered Information can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made, shall be labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate for the information on which the material is based, and shall be subject to all of the terms of this Protective Order.

9. A Producing Party may designate information disclosed during a deposition as Confidential Information or Highly Confidential Information by so indicating on the record at the deposition. A Producing Party may designate the entire deposition as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" if the scope of the witness's testimony and/or the content of the exhibits, in large part, comprise Confidential Information and/or Highly Confidential Information. Any Party opposing such designation may identify the challenged testimony by page and line, and the dispute will be handled as proscribed in Paragraphs 12 and 13. The Court Reporter will be instructed by counsel for the Producing Party how the Covered Information shall be marked and bound. The Court Reporter shall operate in a manner consistent with this Protective Order and separately label the confidential portions of the deposition transcript, including documents and other exhibits containing the Covered Information as Confidential Information or Highly Confidential Information. The Covered Information shall be separately bound. Those pages in any transcript referring to Covered Information shall include a stamp identifying all such pages as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Failure of the Court Reporter to operate in this manner shall not constitute a waiver by the Producing Party as to the status of the testimony as Covered Information.

10. Deposition testimony or information disclosed during the deposition that is not designated as Covered Information at the deposition may be so designated by a Producing Party within thirty (30) court days of receipt of the deposition transcript, by giving written notice to all Parties of the page and line numbers where the newly designated information appears on the rough deposition transcript. All rough or final deposition transcripts shall be treated as Covered Information until thirty (30) court days after receipt of the final deposition transcript from the court reporter. Should a pending motion or procedural requirement necessitate an earlier date, the Parties shall meet and confer as to a reasonable date for provision of the confidentiality designation notice.

11. Any non-party producing documents in this Action may obtain the protections of this Protective Order by consenting to the jurisdiction of this Court solely with regard to the production of its or their documents by designating any discovery in accordance with the provisions of this Protective Order. Such designation shall confer upon the non-party all of the rights and obligations of a designating Party as set forth herein. Non-parties are not entitled to receipt or review of Covered Information produced by any other Producing Party unless all Parties agree in writing, and the non-party also executes Exhibit A prior to receipt or review of the Covered Information.

## II. CHALLENGING DESIGNATION OF "CONFIDENTIAL INFORMATION" OR "HIGHLY CONFIDENTIAL INFORMATION"

12. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 21 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

14. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a

motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

15. Notwithstanding any challenge to the designation of material as Covered Information as described in Paragraph 12, all documents shall be treated as designated and shall be subject to the provisions hereof unless and until one of the following occurs:

   a. the Producing Party who claims that the material is Covered Information withdraws such designation in writing; or

   b. the Producing Party who claims that the material is Covered Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

   c. the Court rules the material is not Confidential Information or Highly Confidential Information.

**III.   USE AND ACCESS TO "CONFIDENTIAL INFORMATION" AND "HIGHLY CONFIDENTIAL INFORMATION"**

16. Confidential Information and Highly Confidential Information shall not be used for any business, commercial, competitive, personal, or any purpose other than prosecuting this litigation. Persons or entities receiving Covered Information shall not under any circumstances sell,

offer for sale, advertise, make available for download or copying, or publicize Covered Information or any information contained therein on any document sharing software, database or platform.

17. Confidential Information may only be disclosed to the following persons:

    a. The Court, its personnel necessary to assist the Court in its function, and court appointed discovery referees;

    b. Mediators or referees retained by the Parties in this Action for purposes of settlement negotiations or discovery disputes;

    c. The Parties;

    d. Counsel of record for the Parties, and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

    e. Litigation support services, including outside copying services, court reporters, videographers, or electronic discovery vendors, retained in connection with this action by a Party or its counsel;

    f. Any individual expert, consultant, or expert consulting firm retained by counsel of record in connection with this Action, to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided that: (i) the expert/consultant maintains security of the Confidential Information and limits disclosure of it to only those to whom disclosure is required for the expert, consultant, or expert consulting firm to complete their work in this Action ("Designated Expert Personnel"); and (ii) the Confidential Information disclosed is used solely in connection with this Action. As used herein, "expert" refers to a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

    g. Except persons subject to the limitation set forth in Paragraph 18, any person (i) who created, authored, received, or reviewed such Confidential Information; (ii) is or was a custodian of the Confidential Information; (iii) is identified in Confidential Information; or (iv) is

or was an employee of the Producing Party and is reasonably believed to have knowledge of the matters in the Confidential Information, provided any former employee of the Producing Party shall execute Exhibit A pursuant to Paragraph 19(a); and

      h.    any other person as may be designated by written agreement by the Producing Party or by order of the Court, provided that they execute Exhibit A pursuant to Paragraph 19(a).

18.    Highly Confidential Information may only be disclosed to the persons identified in Paragraphs 15(a), (d), (e), (f), (g) and (h).

19.    Nothing herein shall be deemed to restrict in any way a Party or its attorneys with respect to its own Covered Information.

20.    Any current owner, director, employee or consultant of any Competitor of Tesla, regardless of whether they have previously received, reviewed, or authored the Highly Confidential Information, may not receive, review or have read to them any information that is designated Highly Confidential. As use herein, "competitor" includes but is not limited to any individual or entity that commercially manufactures, researches, develops, or designs vehicle or battery systems, components, or technologies, including Advanced Driver Assistance Systems, autonomous vehicles and systems, electric vehicles and components, or computer vision technologies.

21.    **NON-DISCLOSURE AGREEMENT.** With the exception of those described in paragraphs 15(a), (c), and (d) above, all individuals to whom Confidential Information or Highly Confidential Information is disclosed shall execute a Non-Disclosure Agreement in the form attached as Exhibit A prior to receiving such information, as described below. In the case of an individual expert, consultant, or expert consulting firm described in Paragraph 15(f), the expert/consultant shall sign Exhibit A on their own behalf and on behalf of any Designated Expert Personnel to whom disclosure is required for the expert, consultant, or expert consulting firm to complete their work in this Action.

      a.    Individuals to whom only Confidential Information is disclosed:

      (i) For individuals other than experts/consultants described in Paragraph 15(f), copies of the executed Exhibit A shall be retained by counsel disclosing Confidential Information and provided to counsel for Producing party at the conclusion of this Action;

    (ii) For experts/consultants described in Paragraph 15(f) receiving only Confidential Information, the executed Exhibit A shall be provided to counsel for the Producing Party at the time of expert disclosures for any designated experts, and at the conclusion of this Action for any consultants or experts that were retained but not designated.

  b. Individuals to whom Highly Confidential Information is disclosed:

    (i) An Exhibit A executed by any individual to whom a Party intends to disclose Highly Confidential Information must be provided to counsel for the Producing Party at least five (5) court days before any Highly Confidential Information may be disclosed, during which period Producing Party may object to the disclosure of Highly Confidential Information.

    (ii) The Parties agree to promptly meet and confer to attempt to resolve in good faith any objection to the disclosure of Highly Confidential Information. If the Parties are unable to resolve an objection, Producing Party may file a motion seeking a Protective Order with respect to the proposed disclosure within fourteen (14) calendar days of receipt of the Exhibit A, or within such other time the Parties may agree. Information that is the subject of an objection to disclosure *may not be disclosed* until all objections are resolved by the Parties' agreement or Court order.

  22. **SECURITY OF COVERED INFORMATION.** Any person in possession of a Producing Party's Covered Information shall: maintain such information in a secure and safe manner including appropriate administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Covered Information against threats or hazards to the security of such Covered Information, and protect against unauthorized access to Covered Information; shall ensure that access is limited to the persons authorized under this Protective Order; and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary or privileged information. Covered Information may only be disseminated *in a in a secure manner that ensures that access is limited to the persons authorized under this Order*. Any transmission or dissemination of Covered Information must use methods that are password protected and secured by encryption. Passwords must be separately transmitted to recipients. .

23. Any persons receiving Covered Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a Party or any of its representatives, including counsel, inadvertently discloses any Covered Information to persons who are not authorized to use or possess such material, the Party shall provide immediate written notice of the disclosure including all known relevant information concerning the nature and circumstances of the disclosure to the Party whose material was inadvertently disclosed. The responsible Party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such Covered Information is made and shall make reasonable efforts to retrieve all such Covered Information. Each Party shall cooperate in good faith in that effort.

24. In the event of a remote deposition that is reasonably expected to discuss Covered Information, the Party who would be reasonably expected to designate information Confidential or Highly Confidential may choose the remote deposition platform—such as Microsoft Teams or Zoom—to ensure the security of the remote deposition.

## IV. PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURE OF "HIGHLY CONFIDENTIAL" INFORMATION OR ITEMS TO EXPERTS

25. Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the

preceding five years.

26. A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject "HIGHLY CONFIDENTIAL" information to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

27. A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

28. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the "HIGHLY CONFIDENTIAL" information to its Expert.

**V.   INADVERTENT FAILURE TO DESIGNATE "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"**

29. In the event that information is produced by a Producing Party without a Confidential or Highly Confidential designation and then later designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", said information, upon notice of the inadvertent production, all receiving parties shall employ reasonable efforts to ensure that the previously inadvertently non-designated information is subsequently treated as Covered Information pursuant to the terms of this Protective

Order.

## VI. FEDERAL RULE OF EVIDENCE 502

30. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

## VII. MISCELLANEOUS TERMS

31. All provisions of this Protective Order restricting the communication or use of Covered Information shall continue to be binding after the conclusion of this Action, unless otherwise agreed or ordered.

32. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

33. A person with custody of documents designated as Covered Information shall maintain them in a manner that limits access to those documents to only those persons entitled under this Protective Order to examine them.

34. The use of Covered Information at any trial proceeding shall be governed by federal law. The Parties agree to take reasonable steps to maintain the confidentiality of any Covered Information at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct, and/or as the Parties may otherwise agree.

35. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

　　a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

　　b. promptly notify in writing the party who caused the subpoena or order to issue

in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Covered Information may be affected.

 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

 36. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order as the Court may from time to time deem appropriate. The Parties hereto reserve all rights to apply to the Court at any time, before or after termination of this Action, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed Confidential Information or Highly Confidential Information.

 37. Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Covered Information to the Producing Party or destroy such material. As used in this subdivision, "all Covered Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Covered Information. Whether the Covered Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Covered Information that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Covered Information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

1  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work
2  product, and consultant and expert work product, even if such materials contain Covered
3  Information. Any such archival copies that contain or constitute Covered Information subject to this
4  Protective Order.

5      IT IS SO STIPULATED.

Dated: December 10, 2025          **NELSON MULLINS RILEY & SCARBOROUGH LLP**

                                              By:   */s/ Trevor C. Zeiler*
                                                     Sandra G. Ezell
                                                     Ian G. Schuler
                                                     Trevor C. Zeiler
                                                     Attorneys for Defendant
                                                     TESLA, INC.

Dated: December 10, 2025          **SINGLETON SCHREIBER, LLP**

                                              */s/ Brett J. Schreiber*
                                              Brett J. Schreiber
                                              Srinivas Hanumadass
                                              Carmela Birnbaum
                                              Attorneys for Plaintiffs
                                              CALEB MENDOZA, EDUARDO MENDOZA, AND MARIA MENDOZA, AND ESTATE OF GENESIS GIOVANNI MENDOZA MARTINEZ

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: December 12, 2025      
_____
Magistrate Lisa Cisneros

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Caleb Mendoza; Eduardo Mendoza and Maria Mendoza; and Estate of Genesis Giovanni Mendoza Martinez, by and through its personal representatives, Eduardo and Maria Elena Mendoza,<br><br>Plaintiffs,<br><br>vs.<br><br>Tesla, Inc., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:24-cv-08738-VC<br><br>District Judge: Vincent Chhabria<br>Magistrate Judge: Lisa Cisneros<br><br>Action Filed: October 9, 2024<br>Trial Date:    October 26, 2026 |

**EXHIBIT A**

I hereby certify that I have read the Protective Order entered in the above-entitled case (this "Action"). Before reviewing or receiving access to the contents of any of the documents or material subject to the protection of that Protective Order and as a condition of such review or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order.

My current occupation is _____.

My current employer is _____.

My address is_____.

I am not an owner, director, employee or consultant of any entity that competes with Tesla or is otherwise engaged in the research, development, or design of vehicle or battery systems,

Case No. 3:24-cv-08738-VC

[PROPOSED] STIPULATED PROTECTIVE ORDER

components, or technologies, including Advanced Driver Assistance Systems, autonomous vehicles and systems, electric vehicles and components, computer vision technologies, and machine learning and artificial intelligence technologies.

I understand I cannot share, reveal or discuss the contents of any Confidential or Highly Confidential Information to or with any person who is not entitled to receive such information, except as set forth in the Protective Order.

Within thirty (30) days of the termination of this Action, I will execute Exhibit B and provide a signed Certification of Destruction and will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am employed.

I subject myself to the jurisdiction and venue of this Court for purposes of enforcement of this Protective Order.

_____
*Signature*

_____
*Printed Name*

_____
*Date Executed*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2025, I filed the foregoing document entitled *[PROPOSED] STIPULATED PROTECTIVE ORDER* with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

                                           */s/ Trevor C. Zeiler*
                                           Trevor C. Zeiler

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES